[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13216
Non-Argument Calendar
_____

D.C. Docket No. 1:97-cr-00025-DHB-BKE-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICKY MARCUS CURRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(August 12, 2020)

Before GRANT, LUCK, and FAY, Circuit Judges.

PER CURIAM:

Ricky Curry appeals the district court's order denying his request for a sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222.  He argues that the district court erred in determining that he is ineligible for a sentence reduction because the First Step Act did not change the applicable Sentencing Guidelines range.  For the reasons outlined below, we vacate and remand for further proceedings in the district court.

## I.

In 1998, a jury found Curry guilty of conspiracy to possess with intent to distribute and to distribute crack cocaine and cocaine hydrochloride, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count 1); and possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 2).  At sentencing, the district court found by a preponderance of the evidence that Curry's conspiracy offense involved 21.5 kilograms of crack cocaine and beyond a reasonable doubt that his conduct involved 3 or 4 kilograms of crack cocaine.  Because Curry had a prior conviction for a felony drug offense, his statutory sentencing range was 20 years to life for Count 1 and 10 years to life for Count 2.[1]  *See* 21 U.S.C. §§ 841(b)(1)(A) & (b)(1)(B) (1994).  Curry's

---

[1] Curry's statutory penalties were based on the district court's drug-quantity findings because Curry was convicted and sentenced before the Supreme Court decided *Apprendi v. New Jersey*, which made clear that a drug quantity that increases a defendant's statutory penalty range must be found by a jury beyond a reasonable doubt.  530 U.S. 466, 490 (2000).

2

Sentencing Guidelines range, based on a total offense level of 44 and a criminal history category of VI, was life in prison. The district court imposed a life sentence, to be followed by ten years of supervised release. We affirmed his convictions and sentence on appeal. *United States v. Curry*, 31 Fed. Appx. 928 (11th Cir. 2002) (Table).

After pursuing other post-conviction relief, Curry filed a motion in 2014 for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 of the Sentencing Guidelines. The district court granted the motion, concluding that Amendment 782 effectively lowered Curry's Guidelines range to 360 months to life in prison, and reduced Curry's sentence of imprisonment to 360 months.

In 2019, Curry filed a motion requesting a sentence reduction under § 404 of the First Step Act. He argued that he was eligible for First Step Act relief and that under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), his new statutory sentencing range should not be subject to enhancement based on the quantity of crack cocaine calculated at his initial sentencing because no specific drug quantity was charged in his indictment or found by the jury. He further argued that the district court could exercise its discretion to reduce his sentence below his Guidelines range, and that a substantial sentence reduction was warranted in light of his post-sentencing rehabilitation and other factors. In subsequent filings, Curry argued that the statute of conviction, rather than his offense conduct, should determine his eligibility for

3

relief.  The government responded that Curry was not eligible for a sentence reduction because of the quantity of crack cocaine involved in his offense, which was not subject to relitigation in the context of a First Step Act motion.  The government also pointed out that Curry's 360-month sentence was within his current Guidelines range and within the revised statutory range that Curry advocated.

Characterizing Curry's motion as a request "for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the First Step Act of 2018," the district court denied Curry's motion and related submissions.  Under the heading "Factors Considered Under USSG § 1B1.10 and 18 U.S.C. § 3533(a)," the court stated that "[u]pon consideration of the facts and circumstances of the Defendant's case, as well as all relevant sentencing factors of 18 U.S.C. § 3553(a), the Court has determined that a reduction of the Defendant's current term of imprisonment pursuant to the First Step Act of 2018 is not appropriate."  The court explained that it had considered the quantity of drugs for which Curry was held accountable at sentencing and his previous sentence reduction to 360 months' imprisonment.  The court stated that the First Step Act did not reduce Curry's total offense level under the Sentencing Guidelines, and that Curry's statutory penalties were unchanged because he distributed more than 21 kilograms of crack cocaine

4

and had a prior conviction for a felony drug offense.  The court also explained that it had taken "into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable."  Curry now appeals.

## II.

We review a district court's determination regarding a prisoner's eligibility for a sentence reduction under the First Step Act de novo.  *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020).  We review the district court's denial of an eligible movant's request for First Step Act relief for an abuse of discretion.  *Id.* "A district court abuses its discretion 'when it applies an incorrect legal standard.'" *Id.* at 1304 (citation omitted).

## III.

Section 404(b) of the First Step Act permits district courts to apply certain provisions of the Fair Sentencing Act of 2010 retroactively to prisoners who were sentenced before the Fair Sentencing Act became effective.  First Step Act § 404(b); *see Jones*, 962 F.3d at 1297.  To be eligible for a reduction under § 404(b), the defendant must have been sentenced for a "covered offense," which is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010."  *Id.* § 404(a).  Section 2 of the Fair Sentencing

5

Act, the section applicable here, "modified the statutory penalties for crack-cocaine offenses that have as an element the quantity of crack cocaine provided in subsections 841(b)(1)(A)(iii) and (B)(iii)." *Jones*, 962 F.3d at 1298.

In determining whether a movant is eligible for a sentence reduction under the First Step Act, therefore, the district court must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment, to determine whether the movant's offense triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii). *Id.* at 1300–01. The relevant question is whether the movant's conduct satisfied the drug-quantity element in §§ 841(b)(1)(A)(iii) (50 grams or more of crack cocaine) or 841(b)(1)(B)(iii) (5 grams or more of crack cocaine) and subjected the movant to the penalties in those subsections. *Id.* at 1301–02. If so, and if the offense was committed before August 3, 2010 (the effective date of the Fair Sentencing Act) then the movant's offense is a "covered offense," and the district court may reduce the movant's sentence "as if" the applicable provisions of the Fair Sentencing Act "were in effect at the time the covered offense was committed." First Step Act § 404(b); *Jones*, 962 F.3d at 1301, 1303.

But just because a district court is authorized to reduce a movant's sentence does not mean that it is required to do so. The First Step Act states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant

to this section." First Step Act § 404(c). District courts retain "wide latitude" to determine whether and to what extent to grant a sentence reduction. *Jones*, 962 F.3d at 1304. In exercising their discretion in this regard, district courts may consider "all the relevant factors," including the § 3553(a) sentencing factors. *Id.*

Where the record is ambiguous as to whether the district court understood its authority to reduce a sentence under the First Step Act, we will vacate the order and remand for further proceedings. *See id.* at 1305. Here, the district court's order is ambiguous as to whether it understood the scope of its authority under the First Step Act. The court's references to § 1B1.10 of the Sentencing Guidelines—which limits a court's authority to reduce a defendant's sentence based on an amendment to the Guidelines—indicate that the court may have believed that it lacked the authority to reduce Curry's sentence below his Guidelines range. *See* U.S.S.G. § 1B1.10(b)(2)(A). But the limitation in § 1B1.10(b) does not apply to motions under the First Step Act; district courts have the authority under § 404(b) to reduce an eligible movant's sentence below his revised Guidelines range. *See Jones*, 962 F.3d at 1305.

Because we cannot tell whether the district court correctly understood the scope of its power under § 404(b), we vacate the order denying Curry's First Step Act motion and remand for further proceedings consistent with this opinion and with our opinion in *Jones*.

7

**VACATED and REMANDED.**